IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| THOMAS ANDREW WHITTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 322-111 |
| ) | |
| SOUTHERN CORRECTIONAL ) | |
| MEDICINE d/b/a Genesis Healthcare ) | |
| Alliance; LT. COL. MAJOR S.B. ) | |
| ANDREWS; DODGE COUNTY JAIL; ) | |
| and DYNAMIC MOBILE DENTISTRY, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Georgia Diagnostic & Classification Prison, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case, filed pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at the Dodge County Jail and Laurens County Detention Center. Because Plaintiff is proceeding IFP, his amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.     Screening the Amended Complaint**

   **A.     Background**

Plaintiff names the following Defendants: (1) Southern Correctional Medicine ("SCM"), d/b/a Genesis Healthcare Alliance, the company with whom Dodge and Laurens Counties

contracted to provide medical care to inmates; (2) S.B. Andrews, a Lt. Col. Major at Dodge County Jail; (3) Dodge County Jail ("DCJ"); and (4) Dynamic Mobile Dentistry ("DMD"), a service SCM contracts with to provide dental care as part of its contract with the counties to provide medical care to inmates. (Doc. no. 12, pp. 1-3, 13-14.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff was a pretrial detainee while housed in Dodge and Laurens Counties. (Id. at 13.) In February of 2022, he began to experience severe dental pain because of broken and decayed teeth. (Id.) Plaintiff had five teeth that were broken in half and had exposed roots, causing other issues with Plaintiff's health because he could not eat and experienced continuous pain. (Id.) DCJ and Laurens County contract their healthcare services for inmates with SCM. (Id.) Plaintiff submitted roughly fifty sick call requests seeking dental care from February through October of 2022. (Id. at 14.) The requests were submitted electronically, and when Plaintiff asked Defendant Andrews for paper copies of the sick call information, he refused and verbally threatened Plaintiff for continuing to seek relief for dental pain, as well as accused Plaintiff of not experiencing the pain claimed. (Id. at 13-14.)

When a representative of DMD examined Plaintiff on August 30, 2022, the representative told Plaintiff he needed to have five teeth extracted, but because of a funding policy limitation, only two would be removed. (Id. at 14.) After the extraction of two teeth, Plaintiff realized a large root with an exposed nerve was protruding from one of the extraction sites, and even though he could not eat because of the pain, he was not provided any pain relief medication. (Id.) Sharp fragments also remained in the second extraction site. (Id. at 15.) Someone from DMD examined Plaintiff on September 9, 2022, but only addressed the exposed nerve root, not the sharp fragments

in the second extraction site. (Id. at 14-15.) The individual simply explained he was tired from working for fifteen hours. (Id. at 15.)

Plaintiff was placed back on the dental list by a DCJ nurse who examined Plaintiff during the month of September 2022, but he was transported to Laurens County Detention Center before DMD returned to DCJ. (Id.) Even though SCM also contracts with Laurens County, Plaintiff did not receive any follow up care for the improper extraction of two teeth on August 30, 2022. (Id.) Plaintiff seeks "complete restorative dental work, as well as dentures" and monetary damages for his pain and suffering.[1] (Id.)

### B. Discussion

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

---

[1]Plaintiff's notice of change of address filed on December 16, 2022, shows he is now housed at Georgia Diagnostic and Classification Prison. (Doc. no. 13.)

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. DCJ Is Not Subject to Liability in a § 1983 Suit

Plaintiff fails to state a claim against DCJ because county jails are not subject to liability under § 1983. See, e.g., Smith v. Chatham Cnty. Sheriff's Dep't, No. CV 412-224, 2012 WL 5463898, at *2 (S.D. Ga. Oct. 22, 2012) ("[T]he [county jail] is not a legal entity capable of being sued."), adopted by 2012 WL 5463762 (S.D. Ga. Nov. 8, 2012); Sebastian v. Maynard, No. 5:10-CV-221, 2010 WL 3395040, at *2 (M.D. Ga. July 12, 2010) ("The Lamar County Detention Center is not a legal entity that is subject to suit under 42 U.S.C. § 1983."), adopted by 2010 WL 3395154 (M.D. Ga. Aug. 21, 2010); Bolden v. Gwinnett Cnty. Det. Ctr. Med. Admin. Med. Doctors & Staff, No. 1:09-CV-1966, 2009 WL 2496655, at *1 (N.D. Ga. Aug. 12, 2009) ("Jails, like the Gwinnett County Detention Center, are not legal entities subject to suit under § 1983 at all."). Appropriate parties for suit under § 1983 include "persons" who participated in the alleged violation. See 42 U.S.C. § 1983; see also Georgia Insurers Insolvency Pool v. Elbert Cnty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted).

Thus, Plaintiff fails to state a claim upon which relief can be granted against DCJ, and this Defendant should be dismissed.

### 3. Plaintiff Fails to State a Claim Against Defendant Andrews

The crux of Plaintiff's allegations against Defendant Andrews is that he would not provide Plaintiff with copies of sick call requests submitted electronically, and he verbally threatened Plaintiff in response to Plaintiff's complaints about his need for dental treatment. Neither provides a basis for liability.

5

First, to state a viable denial of access to the courts claim, a plaintiff must allege actual injury to existing or contemplated litigation or nonfrivolous (and therefore viable) claims challenging Plaintiff's sentence or conditions of confinement.  <u>Wilson v. Blankenship</u>, 163 F.3d 1284, 1290 (11th Cir. 1998); <u>see also</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 349-55 (1996).  There must be evidence of deterrence of a nonfrivolous claim "such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." <u>Wilson</u>, 163 F.3d at 1290-91.  Stated otherwise, there must be an allegation that the actions of a defendant acting under the color of state law "hindered . . . 'efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" <u>Id.</u> at 1291 (citation omitted).

To show actual injury, a plaintiff must show he had a legitimate claim that prison officials restricted him from pursuing.  <u>Al-Amin v. Smith</u>, 511 F.3d 1317, 1333 (11th Cir. 2008).  Here, Plaintiff has not been prevented from pursuing his claim based on the refusal to provide paper copies of electronic sick call requests.  As evidenced by the simultaneously filed order directing service of process, Plaintiff's deliberate indifference claim has been allowed to proceed.  Moreover, once a defendant appears and answers, a discovery period will be set where Plaintiff can use all available discovery tools permitted by the Federal Rules of Civil Procedure to obtain information about his claim.

Second, to the extent Plaintiff maintains he was verbally threatened for pursuing relief through his requests for copies of information or filing a grievance, that, too fails to state a claim.  Even though Plaintiff has a constitutionally protected right to complain about and/or seek medical care, he fails to allege he suffered any adverse action from Defendant Andrews'

verbal threats. See Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008) (explaining elements of retaliation claim include suffering adverse action causally connected to protected speech); Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) ("The gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech."). Moreover, it is well-settled that mere name calling or verbal abuse, without more, does not state a claim under § 1983. See Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (*per curiam*) ("[The plaintiff's] allegations of verbal abuse and threats by the prison officers did not state a claim because the defendants never carried out these threats and verbal abuse alone is insufficient to state a constitutional claim."); Thomas v. Savannah News Press Co., No. CV 487-307, 1987 WL 113751, at *2-4 (S.D. Ga. Dec. 3, 1987) (Edenfield, J.) (finding no § 1983 claim based on verbal abuse and threats). Therefore, Plaintiff fails to state a claim against Defendant Andrews, and he should be dismissed.[2]

## II.     Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants DCJ and Andrews be **DISMISSED** because Plaintiff fails to state a claim against them upon which relief may be granted. By separate order, the Court directs service of process on Defendants

---

[2]For the sake of completeness, the Court notes Plaintiff accuses Defendant Andrews of doubting his claims of pain, but he does not allege Defendant Andrews was responsible for obtaining medical care for him. Indeed, Plaintiff describes multiple visits with nurses in the medical unit who determined Plaintiff needed dental care. (Doc. no. 12, pp. 14-15.) Courts have recognized that supervisory prison officials who are not medical professionals are entitled to rely on the decisions of trained medical practitioners regarding care provided to inmates. See Williams v. Limestone Cnty., Ala., 198 F. App'x 893, 897-98 (11th Cir. 2006) (*per curiam*); Rutledge v. Lift, CV 307-055, 2009 WL 2842739, at *8 (S.D. Ga. July 22, 2009) (citing Waldrop v. Evans, 681 F. Supp. 840, 848-49 (M.D. Ga. 1988)), *report and recommendation adopted by* 2009 WL 2900276 (S.D. Ga. Sept. 3, 2009) (Bowen, J.).

Southern Correctional Medicine, d/b/a Genesis Healthcare Alliance, and Dynamic Mobile Dentistry.

SO REPORTED and RECOMMENDED this 17th day of January, 2023, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA