IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| THOMAS ANDREW WHITTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-111 |
| | ) | |
| SOUTHERN CORRECTIONAL MEDICINE d/b/a Genesys Healthcare Alliance, LLC, and DYNAMIC MOBILE DENTISTRY, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, an inmate at Dooly State Prison, commenced this case pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred in Dodge and Laurens Counties. He is proceeding *pro se* and *in forma pauperis*. The matter is now before the Court because Plaintiff filed a third motion to compel discovery responses from Defendants and a motion for appointment of counsel. (Doc. nos. 36, 37.) The Court addresses each motion in turn.

**I.     Motion to Compel**

The Court has previously denied two of Plaintiff's motions to compel. (See doc. nos. 25, 34.) On June 5, 2023, Plaintiff filed his third motion to compel, which was mistakenly docketed as an objection to the denial of a prior motion to compel. (Doc. no. 36.) On June 6, 2023, the Court entered an order explaining the substance the June 5th document chronicled Plaintiff's dissatisfaction with various responses from defense counsel regarding a first request for production of documents and appeared to include a second request for production of documents. (See doc.

no. 38.) Plaintiff expressed general dissatisfaction with defense counsel's position on relevance, the burdensome nature of certain requests, and the thoroughness of the information provided. The Court directed the Clerk of Court to update the docket to reflect Plaintiff had filed a new discovery motion and afforded Defendants fourteen days to respond to the motion.

To begin, Plaintiff's motion does not contain, as is required by Local Rule 26.5, a statement that Plaintiff has made a good faith effort to resolve this discovery dispute with defense counsel. The Court has informed Plaintiff of this requirement in its January 17, April 24, and May 23, 2023 Orders. (Doc. no. 16, pp. 4-6; doc. no. 25, p. 1; doc. no. 34, pp. 2-3.) Under Local Rule 26.5:

> If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

(Doc. no. 34, p. 2 (citing doc. no. 16, p. 6).)

The duty-to-confer prerequisite is not an empty formality. Merritt v. Marlin Outdoor Advert. Ltd., CV 410-053, 2010 WL 3667022, at *4 (S.D. Ga. Sept. 15, 2010). Failure to include such good faith certification, or to make the requisite good faith effort, amounts to a failure to comply with Federal Rule 37(a)(1) and Local Rule 26.5 and warrants denial of the discovery motion. See Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of discovery motion based on "a failure to work with the defendants in good faith" during discovery process); Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 765-66 (11th Cir. 2012) (*per curiam*) (affirming denial of motion to compel where movant failed to consult in good faith with opponent before filing motion). Moreover, one letter or discovery request, which simply demands that Defendants accede to every demand for information from Plaintiff, can hardly be considered to qualify as a good faith effort to confer

and attempt to resolve a dispute. See Whitesell Corp. v. Electrolux Home Prods., Inc., CV 103-050, 2015 WL 5316591, at *5 (S.D. Ga. Sept. 10, 2015) (collecting cases); see also Morris v. Stewart, CV 322-089, 2023 WL 3158947, at *1-2 (S.D. Ga. Apr. 28, 2023) (applying good faith duty-to-confer in prisoner plaintiff case).

The importance of this good faith duty to confer is evident from Defendants' responses, which explain several sought-after documents are not in the custody or control of either Defendant. (Doc. no. 39, p. 1; doc. no. 40, pp. 1-2.) Moreover, Defendant Southern Correctional Medicine, LLC, ("Genesys") has provided 46 pages of discovery and is in the process of locating sick calls and grievances maintained by non-parties to this case. (Doc. no. 39, p. 1.) As to the second request for production of documents contained within the third motion to compel, Genesys is reviewing the requests but has thirty days from service to respond, a deadline that has not yet expired. (Id. at 2.) Plaintiff must allow the designated response time for responding to discovery requests under the Federal Rules of Civil Procedure to expire before filing a motion to compel as to that second request for production. See Fed. R. Civ. P. 6(d); Fed. R. Civ. P. 34(b)(2) (collectively standing for proposition that requests for production served by mail must be responded to in thirty-three days).

Defendant Dynamic Mobile Dentistry ("DMD") likewise explains the sick calls and grievances Plaintiff seeks are not in its custody and control but were instead apparently submitted to the jails where Plaintiff was detained. (Doc. no. 40, p. 1.) DMD further explains it appears the bulk of the contested responses were provided by Genesys, but it cannot be sure because Plaintiff did not attempt a good faith effort to resolve his discovery issues prior to filing the motion to compel. (Id. at 1-2.) DMD also points out that if Plaintiff had quoted verbatim the discovery requests at issue, it would not have to guess as to whom the contested request was directed or as

3

to the exact information sought. (Id. at 2 n.1.) Nonetheless, DMD has provided 15 pages of records in hits possession, custody, or control that relate to Plaintiff. (Id. at 2.)

In sum, Defendants' responses to the motion to compel confirm they have provided Plaintiff with discovery, or are in the process of supplementing and considering new discovery requests. Once Plaintiff reviews the materials provided by Defendants, if he still believes he has a discovery dispute, he should follow the instructions outlined above and provided in the Court's prior orders, before seeking relief from the Court. For now, however, as described above, Plaintiff did not comply with the requirements of the Federal and Local Rules in filing his discovery motion, and the Court therefore **DENIES** Plaintiff's third motion to compel, (doc. no. 36). See Holloman, 443 F.3d at 844; Haynes, 466 F. App'x 765-66; see also Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[1] (holding that failure to comply with the Local Rules may result in summary denial of a motion).

## II.     Motion for Appointment of Counsel

Plaintiff also moves for the appointment of counsel, arguing he is unable to afford counsel, the issues in the case are complex, and, there will be conflicting testimony at trial which counsel would be able to better challenge. (Doc. no. 37.)

As a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Id.; see also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified appointment of counsel where suspect conduct of prison officials hindered prisoner plaintiff's

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

ability to present essential merits of case and, additionally, where such appointment would alleviate security concerns and help sharpen issues).

Here, Plaintiff fails to show exceptional circumstances exist to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff has not shown that his status as a layman prevents him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Indeed, Plaintiff has been able to communicate with the Court and present the merits of his case, as evidenced by his factually detailed filings with the Court. To the extent Plaintiff complains about obtaining information from Defendants via the discovery process, the Court has provided him detailed instructions on how to resolve such issues with Defendants. Moreover, as discussed above, it appears Defendants have provided Plaintiff with information responsive to his first discovery requests, and the time to respond to the second set of requests has not yet expired. Finally, at this early stage of the case, any concerns about trial testimony are premature. Therefore, the Court **DENIES** Plaintiff's motion for appointment of counsel. (Doc. no. 37.)

### III. Conclusion

For the reasons set forth above, the Court **DENIES** the third motion to compel discovery and the motion for appointment of counsel. (Doc. nos. 36, 37.)

SO ORDERED this 26th day of June, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA