IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| THOMAS ANDREW WHITTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 322-111 |
| ) | |
| SOUTHERN CORRECTIONAL ) | |
| MEDICINE d/b/a Genesys Healthcare ) | |
| Alliance, LLC, and DYNAMIC MOBILE ) | |
| DENTISTRY, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se,* brings this civil action under 42 U.S.C. § 1983 against Defendants Southern Correctional Medicine d/b/a Genesys Healthcare Alliance, LLC ("Genesys") and Dynamic Mobile Dentistry ("Dynamic") for medical care provided by Defendants at Dodge County Jail. The Court **REPORTS** and **RECOMMENDS** Defendant Dynamic's motion to dismiss be **GRANTED**, (doc. no. 26), and Defendant Dynamic be **DISMISSED** from this civil action.

I. BACKGROUND

    A. Factual Background

Taking all allegations of the amended complaint as true, as the Court must when considering a motion to dismiss, and drawing all reasonable inferences in Plaintiff's favor, the facts are as follows. Plaintiff was a pretrial detainee while housed in Dodge County Jail ("Dodge

County") and Laurens County Detention Center ("Laurens County"). (Doc. no. 12, p. 13.) In February 2022, he began to experience severe dental pain because of broken and decayed teeth. (Id.) Five teeth were broken in half with exposed roots, which rendered Plaintiff unable to eat and caused him to suffer continuous pain. (Id.)

Dodge County and Laurens County contract their healthcare services for inmates with Genesys. (Id.) Plaintiff electronically submitted approximately fifty sick call requests seeking dental care from February through October of 2022. (Id. at 14.) When Plaintiff asked a Dodge County employee, Lt. Col. Maj. Andrews, for paper copies of the sick call information, he refused and verbally threatened Plaintiff for continuing to seek relief for dental pain, as well as accused Plaintiff of not experiencing the pain claimed. (Id. at 13-14.)

On August 30, 2022, a Dynamic representative examined Plaintiff's teeth, told Plaintiff he needed to have five teeth extracted, and explained only two teeth would be extracted due to a funding policy limitation. (Id. at 14.) After extraction of two teeth, Plaintiff realized a large root with an exposed nerve was protruding from one of the extraction sites, and even though he could not eat because of the pain, he was not provided any pain relief medication. (Id.) Sharp fragments also remained in the second extraction site. (Id. at 15.) Someone from Dynamic examined Plaintiff on September 9, 2022, but only addressed the exposed nerve root, not the sharp fragments in the second extraction site. (Id. at 14-15.) The Dynamic employee explained he would not repair the second extraction site because he was tired from working for fifteen hours. (Id. at 15.)

A Dodge County nurse examined Plaintiff and placed him back on the extraction list in September 2022, but he was transported to Laurens County before Dynamic returned to Dodge County. (Id.) Even though Genesys also contracts with Laurens County, Plaintiff did not receive

2

any follow up care for the two extractions sites. (Id.) Plaintiff seeks "complete restorative dental work, as well as dentures" and monetary damages for his pain and suffering. (Id.)

On April 25, 2023, Dynamic filed a motion to dismiss. (See generally doc. no. 26.) In support of its motion, Dynamic submitted a copy of the contract that governs its provision of dental services to inmates at both jails, as well as a related policy statement. (Doc. nos. 26-1, 26-2.)[1] Dynamic contracted with Genesys to provide dental services at prisons in Georgia where Genesys was the contracted healthcare provider. (Doc. no. 26-1, p. 1.) For non-urgent dental care, the medical staff employed by Genesys was responsible for identifying the need for dental services and issuing a referral for an appointment with Dynamic. (Doc. no. 26-2, p. 1.) Genesys required Dynamic to abide by the following conditions with respect to tooth extractions:

> 8.) If the dentist, during the course of the exam, identifies an urgent need for more than 2 dental extractions, he/she will notify the medical staff (not the jail staff) and the nurse will contact the Corporate Office **ASAP for a verbal approval** [using provided contact information] [ . . . ]
>
> 9.) If the request is not approved for this visit, then that inmate should be placed as a priority for the next month.
>
> 10.) No more than 2 extractions per inmate will be completed at each visit unless the GENESYS provider has been informed of the additional extractions needed and the additional extractions have been verbally approved. Any inmates requiring additional extractions that are non-urgent will be placed on the list for the next month for future treatment.

(Id. at 2) (emphasis original).

---

[1] Because the contract and policy statement are central to Plaintiff's claims and there is no dispute concerning authenticity, the Court may consider them in ruling on the motion to dismiss without converting the motion into one for summary judgment. See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) ("[A] document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed."); see also SFM Holdings, Ltd. v. Banc of America Sec. LLC, 600 F.3d 1334, 1337 (11th Cir. 2010).

## II.     DISCUSSION

### A.     Legal Standard for Rule 12(b)(6) Motion

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Adinolfe v. United Techs. Corp., 768 F.3d 1161, 1168 (11th Cir. 2014). The Court must accept as true all facts alleged in the complaint and draw all reasonable inferences in Plaintiff's favor. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (*per curiam*); Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

The Court must also consider Rule 12(b)(6) in conjunction with Federal Rule of Civil Procedure 8. Id. While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555 (citation omitted). In short, the complaint must provide a "'plain statement'

4

possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94. However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**B. Plaintiff Fails to State a Medical Deliberate Indifference Claim Against Defendant Dynamic**

To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege: (1) he had a serious medical need—the objective component, (2) a defendant acted with deliberate indifference to that need—the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (*per curiam*). To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). To satisfy the subjective component that a defendant was deliberately indifferent to his serious medical need, Plaintiff must allege that person: (1) was subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted more than gross negligence. Wade v. McDade, 67 F.4th 1363, 1366 (11th Cir. 2023); Melton, 841 F.3d at 1223.

However, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v.

5

Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). [2] "Therefore, to hold an employer . . . liable, Plaintiff must demonstrate that either [the employer] actually participated in the alleged constitutional violation or there is a causal connection between the actions of [the employer] and the alleged constitutional violation." Anderson v. Hall, No. 5:19-CV-6, 2020 WL 2896682, at *3 (S.D. Ga. May 29, 2020), *adopted by* 2020 WL 3406329 (S.D. Ga. June 19, 2020).

Accordingly, employers such as Genesys and Dynamic "may be held liable under § 1983 if its policy or custom causes the plaintiff's injury." Roy v. Ivy, 53 F.4th 1338, 1347 (11th Cir. 2022). "In the absence of an official policy endorsing a constitutional violation, a plaintiff must show: (1) that the [defendant] had a custom or practice of permitting such a violation; and (2) that this custom or practice was the 'moving force' behind the violation."

---

[2] Parties do not dispute Defendants are considered state actors for the purposes of § 1983 in this instance. See Ireland v. Prummell, 53 F.4th 1274, 1289 (11th Cir. 2022) (holding private company may be liable under § 1983 when it "provid[es] medical services to pretrial detainees.").

Id.; see Est. of Hand by & through Hand v. Fla. Dep't of Corr., No. 21-11542, 2023 WL 119426, at *6 (11th Cir. Jan. 6, 2023) ("In sum, § 1983 liability against Centurion must be conditioned on the existence of an official policy or custom that constitutes deliberate indifference.") (*per curiam*). However, "'[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability' against a municipality." Craig v. Floyd Cnty., Ga., 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting City of Okla. City v. Tuttle, 471 U.S. 808, 823-24(1985)).

Plaintiff alleges Defendants Dynamic and Genesys violated his rights because: (1) it took entirely too many sick call requests and months of waiting to see a dentist for the initial appointment; (2) at that appointment, a Dynamic dentist removed only two teeth when he urgently needed all five removed, citing a policy limiting care to two extractions per visit; (3) the dentist performing the extractions left a root and exposed nerve at one extraction site and sharp fragments at the other, causing him severe pain; (4) nine days later, a dentist repaired the first extraction site but made no effort to remove the sharp fragments; and (5) three teeth and sharp fragments remain, causing him severe pain and suffering. (See generally doc. no. 12.)

While these allegations are alarming, Plaintiff has not named any individual dentist or Dynamic employee as a defendant, and the only policy or custom he mentions is a policy limiting tooth extractions to two per visit. (See generally id.) The contract and policy statement submitted by Dynamic, however, show Genesys imposed the limitation of two tooth extractions per dental visit that Plaintiff complains about. (Doc. no. 26-2, p. 2.)

With respect to the alleged lengthy delays in receiving dental care, and the failure to extract the three other teeth and repair the extraction sites, Plaintiff does not allege any relevant policy or custom of Dynamic. Furthermore, pursuant to the plain terms of the Genesys contract and policy

7

statement, Genesys receives all sick call inmate requests and determines whether to authorize dental treatment by Dynamic. (Id.) Finally, and to the extent Plaintiff complains about the quality of care provided by the Dynamic dentist who performed the extractions and subsequent repairs to the extraction site, Dynamic is not liable for such alleged malpractice in the absence of any relevant custom or policy.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant Dynamic's motion to dismiss be **GRANTED**, (doc. no. 26), and Defendant Dynamic be **DISMISSED** from this case. Should the presiding District Judge adopt this Report and Recommendation, this case shall proceed only as to Plaintiff's medical deliberate indifference claim against Defendant Genesys.

SO REPORTED and RECOMMENDED this 12th day of July, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA