**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION**

```
THOMAS ANDREW WHITTLE,            *
                                  *
     Plaintiff,                   *
                                  *
     v.                           *     CV 322-111
                                  *
SOUTHERN CORRECTIONAL MEDICINE    *
d/b/a Genesys Healthcare          *
Alliance, LLC, and DYNAMIC        *
MOBILE DENTISTRY,                 *
                                  *
     Defendants.                  *
```

_____

**O R D E R**
_____

On July 12, 2023, the United States Magistrate Judge issued a Report and Recommendation, recommending the dismissal of Defendant Dynamic Mobile Dentistry ("Dynamic") because Plaintiff Thomas Andrew Whittle has failed to state a claim upon which relief can be granted.  More specifically, Plaintiff has failed to state a medical deliberate indifference claim under 42 U.S.C. § 1983 because he has not identified a policy or custom of Defendant Dynamic that caused Plaintiff constitutional injury.  Plaintiff filed objections to the Report and Recommendation albeit after the imposed deadline.  After a careful, *de novo* review of the record and the relevant law, the Court concurs with the recommendation to dismiss Defendant Dynamic, but perhaps an iterated explanation would be helpful.

As explained by the Magistrate Judge, a plaintiff *cannot* hold a corporation like Defendant Dynamic vicariously liable[1] for the acts or omissions of its employees such as Dr. Richard B. Liipfert, DDS.  Rather, Defendant Dynamic may be liable only if its policy or custom caused Plaintiff's injury.

In his objections, Plaintiff leans on the policy identified by the Magistrate Judge in the Report and Recommendation, which the Court will hereafter refer to as the Tooth Extraction Policy. The Tooth Extraction Policy is part of a contract between the healthcare provider to the Dodge County Jail, Defendant Southern Correctional Medicine d/b/a Genesys Healthcare Alliance, LLC ("Genesys") and its subcontractor, Defendant Dynamic, which provides dental care to Dodge County Jail detainees upon referral from Genesys.  The Tooth Extraction Policy provides:  "If the dentist, during the course of the exam, identifies an urgent need for more than 2 dental extractions, he/she will notify the medical staff [of Genesys] (not the jail staff) and the nurse will contact the Corporate Office **ASAP for a verbal approval** [using provided contact information] . . . ."  For purposes of the motion to dismiss, the facts show that on August 30, 2022, Dynamic's dentist discovered upon examination that five of Plaintiff's teeth needed to be extracted.  Yet, Plaintiff was simply told that he could

---

[1] "Vicarious liability" is the indirect legal responsibility that a supervisory party such as an employer would have for the acts or omissions of its subordinates or employees.  See *Vicarious* Liability, Black's Law Dictionary (11th ed. 2019).

2

only have two teeth extracted because of funding issues, implying that the dentist did not seek approval to extract the other three teeth as authorized by the Tooth Extraction Policy.  Thus, in Plaintiff's mind, Defendant Dynamic violated a "policy" that caused him constitutional injury.  (See Pl.'s Objs., Doc. No. 49, at 2 ("The absence of Dynamic's dentist following the policy listed in Report and Recommendation shows he had knowledge of, did not take steps to obtain verbal approval, and caused further injury to Plaintiff . . . .").

The problem with Plaintiff's theory of liability is that the Tooth Extraction Policy – limiting extraction to two teeth without approval - is not the policy of Defendant Dynamic.  It is the policy of Genesys.  The other problem is that the Tooth Extraction Policy did not cause any constitutional injury because it contains an exception to allow for the removal of more than two teeth.  Moreover, Plaintiff does not allege that Defendant Dynamic had a policy, custom or practice of ignoring the exception to the two-tooth extraction limit.  At most, Plaintiff alleges facts that show that Defendant Dynamic's employee, identified in the objections as "Dr. Richard Lipfert DMD (sic)," did not follow Genesys's Tooth Extraction Policy to obtain authorization to remove more than two teeth.  Dr. Liipfert is not a party to this action, and as previously stated, Defendant Dynamic cannot be held responsible under § 1983 for its employee's decision.

Upon the foregoing, the Court concurs with the conclusion of the Magistrate Judge that Plaintiff has failed to state a claim of § 1983 liability against Defendant Dynamic for its dental treatment of Plaintiff.  Accordingly, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Report and Recommendation of the United States Magistrate Judge, thereby **GRANTING** the motion to dismiss (doc. no. 26) and **DISMISSING** Defendant Dynamic Mobile Dentistry from the case.  The case shall proceed on Plaintiff's medical deliberate indifference claim against Defendant Southern Correctional Medicine d/b/a Genesys Healthcare Alliance, LLC.

**ORDER ENTERED** at Augusta, Georgia this 12th day of September, 2023.

_____
UNITED STATES DISTRICT JUDGE